IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY SKELTON, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 19-2028 |
| | : | |
| v. | : | |
| | : | |
| ROBERT GILMORE, THE DISTRICT ATTORNEY OF THE COUNTY OF CHESTER, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 2nd day of September, 2020, after considering the revised petition under 28 U.S.C. § 2254 for a writ of habeas corpus filed by the *pro se* petitioner, Anthony Skelton (Doc. No. 6), the response in opposition to the petition filed by the respondents (Doc. No. 11), and United States Magistrate Judge Marilyn Heffley's report and recommendation (Doc. No. 14), it is hereby **ORDERED** as follows:

1.  The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

2.  The petitioner's motion to appoint counsel (Doc. No. 3) is **DENIED**;[1]

---

[1] When the court referred this matter to Judge Heffley for a report and recommendation, the court directed Judge Heffley to address the petitioner's motion for the appointment of counsel. *See* July 8, 2019 Order at 1, n.2, Doc. No. 7 ("As part of the referral, Judge Heffley should address the pending motion for appointment of counsel."). Judge Heffley did not address the motion before issuing (or as part of the) report and recommendation. Nonetheless, this court finds that the appointment of counsel is not warranted in this case for the following reasons. First, the court is not scheduling an evidentiary hearing, so the court is not required to appoint counsel under the Rules Governing Section 2254 Cases. *See* Rule 8(c) of the Rules Governing § 2254 Cases in the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Second, the court can exercise discretion and appoint counsel to the petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *Reese v. Fulcomer*, 946 F.2d 247, 263–64 (3d Cir. 1991) (referencing 18 U.S.C. § 3006A(a)(2)), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). The court may appoint counsel if "the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual

3. The Honorable Marilyn Heffley's report and recommendation (Doc. No. 14) is **APPROVED** and **ADOPTED**. It is further **SUPPLEMENTED** as explained in footnote 2 of this order;[2]

4. The petitioner's revised petition for a writ of habeas corpus (Doc. No. 6) is **DENIED**;

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

---

and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64 (citation omitted). Here, the petitioner presents a single claim that, as discussed below, lacks merit. The issue presented by the petitioner is not complex, and the court does not find that the appointment of counsel will benefit the petitioner or the court. The petitioner also appears to have a good understanding of the issues and the ability to "coherently and forcefully" present his issues. *See id.* at 264 (citation and internal quotation marks omitted).

[2] The court notes that Judge Heffley filed the report and recommendation on April 29, 2020. Due to changes implemented by the Chief Judge and the clerk's office to maintain operations in light of the COVID-19 pandemic, in particular the fact that the clerk's office operated almost entirely remotely until late June, the clerk's office did not mail the report and recommendation to the petitioner until June 30, 2020. *See* Unnumbered Docket Entry Between Doc. Nos. 14 and 15. The petitioner's time to file objections to the report and recommendation (giving him an additional three days to file objections as required under Rule 6(d) of the Federal Rules of Civil Procedure) concluded on July 17, 2020. The court waited over an additional month to see if the petitioner filed objections, and he has failed to do so (or request additional time to file objections).

Since neither party filed objections to Judge Heffley's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The court has reviewed Judge Heffley's report for plain error and has not found any error with Judge Heffley's analysis or recommendations. Nonetheless, the court notes that in his memorandum of law in support of the petition for a writ of habeas corpus, the petitioner makes a passing reference to "attorney Maria Heller's allegedly ineffective assistance in failing to address the issues in the PCRA." Mem. of Supp. at ECF p. 19, Doc. No. 2 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)). The petitioner does not identify what issues Attorney Heller failed to address or develop this argument at all in his petition or in the memorandum.

To the extent that the petitioner is attempting to obtain habeas relief simply based on an allegation that his state post-conviction relief counsel was ineffective, such a claim is meritless and cannot be a basis for habeas relief. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). In addition, the petitioner's reliance on *Martinez* is misplaced because that decision only creates a "narrow exception" to the procedural default rule for "[i]nadequate assistance of counsel at initial-review collateral proceedings." 566 U.S. at 9. Here, the court addresses the petitioner's claim on the merits and is not addressing procedural default. Accordingly, although Judge Heffley need not have evaluated this claim, it nevertheless lacks merit and does not support granting habeas relief.

6. The clerk of court shall mark this case as **CLOSED**.

                                              BY THE COURT:


                                              /s/ *Edward G. Smith*
                                              EDWARD G. SMITH, J.